UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VIRTAMOVE, CORP., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORP., <br><br> Defendant. | Case No. 2:24-cv-00064-JRG <br><br> **JURY TRIAL DEMANDED** |

**<u>DEFENDANT IBM'S RULE 12(b)(6) PARTIAL MOTION TO DISMISS</u>**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................. 1

II. STATEMENT OF FACTS .................................................................................................... 1

III. LEGAL STANDARD ........................................................................................................... 2

IV. ARGUMENT ........................................................................................................................ 2

    A.    VirtaMove Fails to State a Claim for Pre-Suit Indirect Infringement. .................... 2

    B.    VirtaMove Fails to State a Claim for Pre-Suit Willful Infringement. .................... 7

V. CONCLUSION ..................................................................................................................... 8

I.     INTRODUCTION

Plaintiff VirtaMove Corp.'s ("VirtaMove" or "Plaintiff") complaint (Dkt. 1 or "Complaint") fails to plead facts to plausibly show that Defendant International Business Machines Corp. ("IBM") had pre-suit knowledge of at least one of the asserted patents, and similarly fails to plead facts to plausibly show that IBM had pre-suit knowledge of alleged infringement as to both asserted patents. IBM therefore respectfully submits this Rule 12(b)(6) motion to partially dismiss VirtaMove's claims for pre-suit indirect infringement and pre-suit willful infringement.

II.    STATEMENT OF FACTS

VirtaMove's Complaint alleges that IBM infringes U.S. Pat. Nos. 7,519,814 (the "'814 Patent") and 7,784,058 (the "'058 Patent") (collectively, the "Asserted Patents"). Dkt. 1 ¶ 1. Specifically, the Complaint alleges that IBM's Cloud Kubernetes Service ("Kubernetes" or the "Accused Product") directly infringes the Asserted Patents. *See id*. ¶¶ 12, 22. The Complaint also alleges indirect (induced and contributory) infringement, as well as willful infringement, of both Asserted Patents. *See id*. ¶¶ 12–18, 22–28.

Regarding the '814 Patent, the Complaint alleges that IBM "knew of . . . at least one of the patents long before this suit was filed and at least as early as 2012." *Id*. ¶ 14. In particular, the Complaint alleges that "on or about February 2012, in connection with the prosecution of U.S. Patent App. No.12/146,322 (assigned to IBM), the examiner cited U.S. Pub. No. 2005/0060722 (which issued as the '814 Patent) against IBM." *Id.* The Complaint further alleges that "[o]n or about November 26, 2012, in connection with the prosecution of the U.S. Patent No. 8,893,306 (assigned to IBM), the examiner cited the '814 Patent against IBM," and that "[o]n or about June 2015, in connection with the prosecution of U.S. Patent No. 9,166,865 (assigned to IBM), the examiner cited U.S. Pub. No. 2005/0060722 against IBM." *Id.*

Regarding the '058 Patent, the Complaint alleges that "U.S. Patent No. 9,176,713 (assigned to IBM) issued on November 3, 2015, and identifies the '058 Patent under 'References Cited,'" and that "U.S. Patent No. 9,934,055 (assigned to IBM) issued on April 3, 2018 and identifies the '058 Patent under 'References Cited.'" *Id.* ¶ 24.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires a "statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint that fails to meet this pleading standard may be dismissed for failure to state a claim. *See* FED. R. CIV. P. 12(b)(6). A complaint will survive a motion to dismiss only if the plaintiff alleges facts sufficient to state a plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014) (citing *Twombly*, 550 U.S. at 570). "[B]are assertions" or "conclusory statements" are insufficient to avoid dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 698 (2009); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (proper factual allegations must offer more than conclusory assertions or legal conclusions "masquerading as factual conclusions").

## IV.   ARGUMENT

Because VirtaMove's Complaint fails to plead facts to plausibly show that IBM had pre-suit knowledge of the '814 Patent and pre-suit knowledge of the alleged infringement of either Asserted Patent, VirtaMove has not pled facts sufficient to support plausible claims for pre-suit indirect infringement or for pre-suit willful infringement. Accordingly, those claims should be dismissed.

### A.   VirtaMove Fails to State a Claim for Pre-Suit Indirect Infringement.

To state a claim for induced infringement, VirtaMove must plead facts showing "that [IBM] knew of the patent, knowingly induced the infringing acts, and possessed a specific intent

2

to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). Indeed, the Supreme Court has held that "liability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (citing *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011)). Moreover, "[l]ike induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Id.*; *CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*, No. 2:23-CV-00311-JRG, 2024 WL 1219725, at *6 (E.D. Tex. Mar. 20, 2024) ("Contributory infringement further requires the same 'knowledge of the patent in suit and knowledge of patent infringement' as for induced infringement.") (*quoting Commil*, 135 S. Ct. at 1926); *see also Estech Sys. IP, LLC v. Mitel Networks, Inc.*, No. 2:21-CV-00473-JRG-RSP, 2023 WL 6115252, at *3 (E.D. Tex. July 17, 2023), *R&R adopted*, No. 2:21-CV-00473-JRG-RSP, 2023 WL 6065865 (E.D. Tex. Aug. 2, 2023) ("Knowledge of the patent by itself is insufficient [to establish indirect infringement]; knowledge of another's direct infringement resulting from the accused's conduct is also required.").

As an initial matter, VirtaMove has failed to state a claim for pre-suit indirect infringement (either induced or contributory) of the '814 Patent because it has not alleged pre-suit knowledge of that patent.[1] As noted above, the Complaint alleges only that a patent examiner cited either the '814 Patent or the application that later issued as the '814 Patent as prior art during the prosecution of three of IBM's own patents, which are not at issue in this case. *See* Dkt. 1 ¶ 14. These

---

[1] Although IBM disputes that the Complaint sufficiently pleads facts sufficient to show pre-suit knowledge of the '058 Patent as well, IBM specifically addresses only the '814 Patent here because the Complaint's allegations as to pre-suit knowledge of the '814 Patent rest on citations from the **patent examiner only**, which is legally insufficient.

3

allegations are insufficient to establish pre-suit knowledge of the patent.[2]  As this Court has previously confirmed, a "plaintiff merely alleg[ing] that the patent was cited by the examiner during prosecution 'nearly a decade ago'" does not satisfy the pleading requirement for pre-suit knowledge.  *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-37-RWS-RSP, 2016 WL 3878246, at *3 (E.D. Tex. Mar. 30, 2016) (citation omitted); *see also Soverain IP, LLC v. Microsoft Corp.*, No. 2-17-CV-00204-RWS-RSP, 2018 WL 1465792, at *2 (E.D. Tex. Mar. 26, 2018) ("courts [have] rejected . . . arguments that the defendants knew of the asserted patents because the examiner cited the patents during prosecution of the defendants' patent applications").  In this case, VirtaMove's Complaint merely alleges that a patent examiner cited the '814 Patent in 2012, over a decade ago.  *See* Dkt. 1 ¶ 14.  VirtaMove does not allege that IBM itself cited the '814 Patent during the prosecution of its patents or that it analyzed the '814 Patent in response to an office action.  Nor does VirtaMove allege that IBM knew or could have known of the '814 Patent via any other means.

Notably, VirtaMove does not allege that it conducted any of the pre-suit activity that courts have found sufficient to establish pre-suit knowledge, such as sending a pre-suit notice letter informing IBM of the '814 Patent (or any of its family members) or providing claim charts detailing how IBM allegedly infringes the '814 Patent (or any of its family members). *See, e.g.*, *CyboEnergy, Inc., v. Hoymiles Power Elecs. USA, Inc.*, No. 2:23-CV-00311-JRG, 2024 WL 1219725, at *6 (E.D. Tex. Mar. 20, 2024) (dismissing pre-suit indirect and willful infringement where "the Complaint d[idn't] allege . . . a pre-filing notice letter or pre-suit interactions");

---

[2]  Indeed, VirtaMove's Complaint essentially concedes as much, by alleging only that IBM had pre-suit knowledge of "at least ***one*** of the patents"—with that "one" patent referring, in context, to the '058 Patent.  *See* Dkt. 1 ¶ 14 (emphasis added).  In this manner, VirtaMove's own pleading signals doubt that it has set forth sufficient facts to show pre-suit knowledge of the '814 Patent.

4

*Network Sys. Techs., LLC v. Texas Instruments Inc.*, No. 2:22-cv-00482-RWS, Doc. No. 95, at 3 (E.D. Tex. September 25, 2023) (dismissing pre-suit willful and indirect infringement where "complaint offer[ed] no constructive evidence of pre-suit knowledge, such as letters, communications between Plaintiffs and Defendants, or patent markings"). Indeed, the Complaint does not assert that VirtaMove ever even mentioned the '814 Patent (or any of its family members) to IBM before this lawsuit. *See* Dkt. 1 ¶ 14. Because the Complaint does not plead facts to plausibly support any inference that IBM had pre-suit knowledge of the '814 Patent, the Court should dismiss VirtaMove's claims for pre-suit indirect infringement (induced and contributory) of the '814 Patent. *See CyboEnergy*, 2024 WL 1219725, at *6 (dismissing pre-suit indirect infringement because "Plaintiff has failed to plead any facts plausibly showing that Defendant knew of the Asserted Patents prior to this lawsuit").

Even setting aside the question of pre-suit knowledge of the '814 Patent, VirtaMove fails to state a claim for pre-suit indirect infringement of ***either*** Asserted Patent, because its Complaint does not plead facts sufficient to show pre-suit knowledge of IBM's alleged ***infringement*** of those patents. Far from alleging any facts that could support a plausible inference that IBM had pre-suit knowledge of this alleged infringement, VirtaMove's Complaint at best alleges facts regarding IBM's supposed knowledge of the patents' existence (which, as discussed above, are insufficient to show pre-suit knowledge of the '814 Patent). In particular, the Complaint identifies certain instances where the Asserted Patents (or their underlying applications) were cited as prior art during the prosecution of IBM's own patents. *See* Dkt. 1 ¶¶ 14, 24. Yet, as discussed above, an examiner's citation is insufficient to show even knowledge of the patent, let alone knowledge of infringement. *See Elbit*, 2016 WL 3878246, at *3. Because patent examiners do not compare the applicant's products to the prior art when examining a patent application, knowledge of

5

infringement cannot be plausibly inferred based solely on an examiner's citation to prior art. *See, e.g.. Network Sys. Techs., LLC v. Texas Instruments Inc.*, No. 2:22-cv-00482-RWS, Doc. No. 95, at 7 (citations that are not "attributed to Defendants" insufficient to "plausibly plead pre-suit knowledge of the Asserted Patents"); *VLSI Tech. LLC v. Intel Corp.*, No. 17-CV-05671, 2023 WL 8654391, at *30 (N.D. Cal. Dec. 14, 2023) (finding no pre-suit indirect infringement because "even substantive references to patents in the alleged infringer's patent prosecutions, without more, fail to sufficiently allege knowledge of infringement") (citations omitted).

Significantly, VirtaMove's Complaint does not allege that the examiner or IBM ever compared the Accused Product to the Asserted Patents or conducted any infringement analysis. In fact, it would not be plausible for VirtaMove to assert that such a comparison or analysis was—or even could have been—conducted, as VirtaMove does not and cannot allege that the Accused Product existed when the Patent Office cited the '814 Patent in 2012.[3] Nor does the Complaint allege that VirtaMove itself notified IBM of the alleged infringement of either Asserted Patent, *e.g.*, via a pre-suit notice letter or through pre-suit negotiations. Accordingly, because the Complaint does not allege any facts to support a plausible inference that IBM had pre-suit knowledge of the infringement of either Asserted Patent, the Court should dismiss VirtaMove's claims for pre-suit indirect infringement as to **both** Asserted Patents. *See CyboEnergy*, 2024 WL 1219725, at *6 (noting, in dismissing claim for pre-suit indirect infringement, that plaintiff "failed to plead facts plausibly showing that Defendant knew that end users' acts constituted infringement 'with respect to the time period pre-dating the filing of the complaint'"); *Network Sys. Techs., LLC v. Texas Instruments Inc.*, No. 2:22-cv-00482-RWS, Doc. No. 95, at 7 ("Plaintiff has failed to

---

[3] The Accused Product was not released until 2017. *See* IBM, *Kubernetes now available on IBM Cloud Container Service* (Mar. 19, 2017), *available at* https://www.ibm.com/blog/announcement/kubernetes-now-available-ibm-bluemix-container-service/.

plausibly plead pre-suit knowledge of the Asserted Patents").[4]

### B. VirtaMove Fails to State a Claim for Pre-Suit Willful Infringement.

As with indirect infringement, to state a claim for willful infringement, VirtaMove must show knowledge both of the Asserted Patents and of the alleged infringement. *See Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987–88 (Fed. Cir. 2021) ("Knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness. Rather, willfulness requires deliberate or intentional infringement.") (citing *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020)); *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-CV-008876-ADA, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021) (willful infringement requires that the accused infringer "knew, or should have known, that its conduct amounted to infringement of the patent"). Critically, knowledge of the patent and of the alleged infringement "are distinct elements, and without more factual allegations supporting knowledge of infringement, the pleading standard is not met." *Monolithic*, 2021 WL 3931910, at *5; *see also Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 643 (N.D. Cal. 2022), *leave to appeal denied*, No. 22-CV-00134, 2022 WL 1486359 (Fed. Cir. May 11, 2022) ("With respect to willfulness . . . knowledge of the patent and knowledge of infringement must be pled with plausibility.").

As discussed above with respect to VirtaMove's claim for pre-suit indirect infringement, VirtaMove has failed to plead facts that plausibly show that IBM had pre-suit knowledge of the '814 Patent. Thus, VirtaMove's claim for pre-suit willful infringement of the '841 Patent should be dismissed. *See CyboEnergy*, 2024 WL 1219725, at *7 (dismissing claim for pre-suit willful

---

[4] Based on its pleading, at minimum, VirtaMove's "indirect infringement claims must be limited to post-filing conduct." *Corydoras Techs., LLC v. Apple Inc.*, No. 2:16-CV-00538-JRG, 2016 WL 9242435, at *2 (E.D. Tex. Nov. 23, 2016).

7

infringement because "the Complaint fails to sufficiently allege pre-suit knowledge of the Asserted Patents"); *Touchstream Techs., Inc. v. Altice USA, Inc.*, No. 2:23-CV-00059-JRG, 2024 WL 1117930, at *3 (E.D. Tex. Mar. 14, 2024) (dismissing claim for pre-suit willful infringement where plaintiff did not plausibly allege pre-suit knowledge).

Moreover, as also explained above, VirtaMove's Complaint does not plead facts to support any plausible inference that IBM had pre-suit knowledge of its alleged infringement of either of the Asserted Patents. For that reason, the Court should dismiss VirtaMove's claims for pre-suit willful infringement as to **both** of the Asserted Patents. *Cf. CyboEnergy,* 2024 WL 1219725, at *7; *Touchstream Techs.*, 2024 WL 1117930, at *3; *see also Network Sys. Techs., LLC v. Texas Instruments Inc.*, No. 2:22-cv-00482-RWS, Doc. No. 95, at 4 ("considering pre-suit and post-suit allegations of knowledge and intent separately is consistent with recent decisions in this district, as well as the decisions of out-of-circuit courts"); *Monolithic*, 2021 WL 3931910, at *5 (dismissing claim for pre-suit willful infringement because plaintiff "has not sufficiently alleged that [defendant] knew or should have known its conduct amounted to infringement"); *VLSI*, 2023 WL 8654391, at *30 (finding no pre-suit willful infringement because "[Applicant's] citation is at best evidence of knowledge of the patent, but is not evidence of knowledge of infringement").

## V. CONCLUSION

For the reasons set forth above, IBM respectfully asks the Court to dismiss VirtaMove's claims for pre-suit indirect infringement and pre-suit willful infringement.

8

Dated:  April 15, 2024                                  Respectfully submitted,

/s/ Brandon H. Brown

Todd M. Friedman (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: todd.friedman@kirkland.com

Brandon H. Brown
State Bar No. 266347
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: brandon.brown@kirkland.com

*Of Counsel*:

Andrea L. Fair
Texas State Bar No. 24078488
E-mail: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

*Attorneys for Defendant
International Business Machines Corp.*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on April 15, 2024.


Dated:  April 15, 2024                          */s/ Brandon H. Brown*
                                                                Brandon H. Brown